GRIFFIN, J.
This is the appeal of a declaratory judgment construing a restrictive covenant. Based on case law from this court since the lower court ruled, we reverse.
Appellant, Rosemont Investors, L.L.C., [“Rosemont”], a Georgia limited liability company, is the fee simple owner of the Lake Conway Woods Shopping Center located in Orange County, Florida. Appellant, Eckerd Corporation [“Eckerd”], a Delaware corporation, is a tenant in Lake Conway Woods Shopping Center.
On December 10, 1999, Appellee, Za-remba Land Development, L.L.C. [“Za-remba”], a Delaware limited liability company, entered into a contract with Jeffko, Corp., to purchase two parcels of real property located adjacent to Lake Conway Woods Shopping Center, and described as Parcel 1 [the “Unrestricted Parcel”] and Parcel 2 [the “Restricted Parcel”]. The Restricted Parcel is subject to a deed restriction which states in relevant part:
Said premises described herein, and the development, use and occupancy thereof shall be and hereby are restricted as follows:
(2) As long as the Eckerd Drug Store (or other similar drug store) occupies space in the Lake Conway Woods Shopping Center, the Premises shall not be used to operate a drug prescription department, or any store commonly known as an Army Navy store, drug store, surplus store, discount store, or any store or business devoting more than 1,000 square feet of retail floor space to the sale of cosmetics, health and beauty aids and related items (emphasis added).
Eckerd still occupies space in the Lake Conway Woods Shopping Center.
Zaremba has proposed a site plan for the construction of a CVS drug store and associated parking spaces, ingress and egress and drive-through lanes on the Unrestricted Parcel, and the construction of parking spaces, landscape islands and signage on the Restricted Parcel.
Zaremba sought below a declaratory judgment that the proposed use of the Restricted Parcel did not violate the deed restriction. The lower court found the deed restriction to be unambiguous and found that by its express terms it did not prohibit construction of the parking lot and signage. Subsequently, this court decided the case of Eckerd Corp. v. Corners Group, Inc., 786 So.2d 588 (Fla. 5th DCA 2000). Based on that precedent, we reverse. In Comers Group, the panel majority concluded that a deed restriction against use of the restricted parcel “as a pharmacy or drug store” was intended to prohibit any use of the restricted parcel that would support a drug store to be located on an *593 adjacent unrestricted parcel, including parking. In this case, the restriction prevents operation of a drug store on the restricted parcel. The reasoning of the Comers Group case is equally applicable to a proscription against using the parcel for a drug store or operating a drug store. If the activity on the restricted parcel is necessary for the operation of a drug store located on an unrestricted parcel, including parking, the restrictive covenant is violated.
Based on Comers Group, the lower court erred in finding that the deed restriction unambiguously did not prevent its use as a parking lot for a drug store. Rather, it unambiguously does prevent such use.
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.